UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| *LEON LEVESQUE*,   )  <br>   ) <br>   *Plaintiff*   ) <br>   ) <br> v.   ) <br>   ) <br> *STEVE DOOCY, et al.*,   ) <br>   ) <br>   *Defendants*   ) | *Docket No. 07-112-P-H* |

### *MEMORANDUM DECISION ON INTERESTED PARTY'S MOTION TO QUASH*

Two non-parties, the Lewiston *Sun Journal* and its employee, reporter Judith Meyer, seek to quash a subpoena and notice of deposition served on Meyer by the plaintiff. Sun Journal and Judith Meyer's Motion to Intervene and to Quash Subpoena, etc. ("Motion") (Docket No. 24). The subpoena commands Meyer to appear at her deposition to be taken on December 11, 2007. Subpoena in a Civil Case (included in Exhibit A to Motion). The complaint in this action alleges that defendants Steve Doocy, Brian Kilmeade and Fox News Network defamed and libeled the plaintiff. Complaint (Docket No. 1) ¶¶ 16-25. Meyer and her employer assert that "[t]he sole basis for the Sun Journal's knowledge of this matter arises out of its news gathering activities," Motion at 2, and the plaintiff does not disagree, Plaintiff's Opposition to Sun Journal and Judith Meyer's Motion to Intervene and to Quash Subpoena, etc. ("Opposition") (Docket No. 25), *passim*. "Courts afford journalists a measure of protection from discovery initiatives in order not to undermine their ability to gather and disseminate information." *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 714 (1st Cir. 1998).

The plaintiff contends that the moving parties "have no basis for objecting to the subpoena," Opposition at 3, unless and until Meyer is asked questions at her deposition that seek to discover

1

confidential information, *id*. at 2-3. The moving parties respond that Fed. R. Civ. P. 45(b) expressly provides that a court may quash a subpoena "before the time specified in the subpoena for compliance therewith," and that the plaintiff bears the burden in connection with the instant motion to demonstrate that the information he seeks is not subject to the "reportorial privilege." Sun Journal and Judith Meyer's Reply to Plaintiff's Opposition to Meyer's and Sun Journal's Motion to Quash Subpoena, etc. ("Reply") (Docket No. 26) at 2.

The Maine case cited by both sides of this controversy, *In re Letellier*, 578 A.2d 722 (Me. 1990), dealt with a subpoena from a grand jury ordering a television reporter to testify and to produce the "outtakes" of an interview given to the reporter by an elected official who was under investigation by the district attorney's office, *id*. at 723. While that motion to quash was apparently brought before the testimony or production took place, *id*., the timing of the trial court's resolution of the issue was not addressed by the Maine Law Court. Indeed, the court noted that the standards it considered for application to the issue arose from criminal cases, and that the "balancing of interests" required by that case law "is arguably different [in civil actions] than in criminal actions." *Id*. at 725 n.7. One of the two First Circuit cases cited by the moving parties, Reply at 2, *In re Special Proceedings*, 373 F.3d 37, 44-45 (1st Cir. 2004), also deals with criminal charges rather than a civil dispute. More helpful here is *Bruno & Stillman*, *Inc v. Globe Newspaper Co*., 633 F.2d 583 (1st Cir. 1980), the other First Circuit case cited by the moving parties, Reply at 3, in which the court held that the party seeking discovery from the newspaper defendant in a defamation action must "show that it can establish jury issues on the essential elements of its case not the subject of the contested discovery" before discovery may be compelled, *id*. at 597. *Accord, Cusumano*, 162 F.3d at 716.

If the motion to quash may be addressed before the deposition begins, then, the plaintiff must specify the subject of the discovery sought and demonstrate that it can establish jury issues on any

2

other elements of its claims.  This the plaintiff has not done.  The question of the timing of the motion is accordingly dispositive.  If the motion is premature, it should not be granted.  If it may be brought before the questioning of Meyer actually begins, the motion should be granted, so long as the plaintiff has failed to make the requisite showing.  On this question, neither side has provided citations to relevant authority.

My own research has located two reported cases that appear, at first blush, to support the plaintiff's position.  In *Richardson v. Sugg*, 220 F.R.D. 343 (E.D.Ark. 2004), a magistrate judge said:

> The appropriate way for a reporter to respond to subpoena commanding him to appear at a deposition is to appear for the deposition and assert his privileges in response to specific questions and make at lease a minimal *prime* [sic] *facie* showing as to why and how the privilege is being properly invoked.  Where a reporter files a motion to quash a deposition subpoena based on the qualified reporter's privilege and fails to appear for the deposition, the appropriate procedure is for the court to deny the motion to quash and direct the reporter to appear for the deposition and invoke the privilege in response to specific questions.

*Id*. at 347-48 (citations omitted).  However, the cases cited as authority for this paragraph of the opinion appear to place an initial burden on the reporter to show that the discovery request or deposition question "will impinge on First Amendment interests," *id*. at 347, while the First Circuit places the initial burden under these circumstances on the party seeking discovery as discussed above.   In *Solargen Elec. Motor Car Corp. v. American Motors Corp*., 506 F. Supp. 546 (N.D. N.Y. 1981), the court said that it was

> greatly bothered by the unreasonable refusal of the journalists to even appear at their designated depositions . . . .  These reporters cannot refuse to appear, and must instead respond to the subpoenas and assert whatever privilege they may properly invoke in response to particular questions.

*Id*. at 552.  It went on to note its awareness "of the admonition of other federal tribunals that the questioning of journalists must not amount to a mere fishing expedition" and then concluded that "[g]iven the present posture of this discovery proceeding, . . . the Court is not inclined to make the

altogether unfounded assumption that all of the plaintiffs' intended questions are frivolous, immaterial, or subject to the strictures of the First Amendment." *Id*. In the case at hand, of course, there is no evidence that Meyer has refused to appear at the deposition which was scheduled for today. She and her employer simply sought to have this issue resolved, if possible, before that point was reached. That it was not is simply a reflection of the press of business before this court.

These cases, and the authority cited therein, stand on this point against dozens of cases in which an assertion of a reporter's privilege was decided before a deposition took place, although in those cases the issue presented here admittedly was apparently not raised. I see no reason why a reporter must wait for his or her scheduled deposition, appear and be sworn and then refuse to answer questions based on the reporter's privilege before the party serving the deposition subpoena may be put to the First Circuit's initial test of demonstrating that it has evidence of the elements of its claim other than that (or those) to which the discovery sought may apply before any such discovery may be sought from a reporter.

The plaintiff appears to have very carefully chosen not to provide this court with any information about what it seeks to discover from Meyer. Under these circumstances, I conclude that the subpoena should be quashed. Should the plaintiff wish nonetheless to pursue this discovery, he may file a motion for leave to do so that meets the First Circuit's requirements set forth in *Cusumano* and *Bruno & Stillman*.

For the foregoing reasons, the motion to quash is **GRANTED**.

Dated this 11th day of December, 2007.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge