*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | |
|---|---|
| *LEON LEVESQUE,* ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| v. ) | *Docket No. 07-112-P-H* |
| ) | |
| *STEVE DOOCY, et al.,* ) | |
| ) | |
| *Defendants* ) | |

*MEMORANDUM DECISION ON MOTION FOR LEAVE TO DEPOSE JUDITH MEYER*

The plaintiff moves for leave to take the deposition of Judith Meyer, a reporter for the *Lewiston Daily Sun*, in this action alleging libel and invasion of privacy. Complaint, etc. (Docket No. 1); Plaintiff's Motion for Leave to Depose Judith Meyer ("Motion") (Docket No. 28) at 1. The motion follows my granting of the motion of Meyer and her employer to quash a subpoena served on Meyer by the plaintiff for a deposition to be held on December 11, 2007. Memorandum Decision on Interested Party's Motion to Quash (Docket No. 27) at 1. Because the plaintiff has now provided the court with the necessary information about the intended subject matter of the deposition, *id*. at 4, and because I find the same entitles the plaintiff to depose Meyer in the circumstances described, I grant the motion.

The plaintiff now asserts that the discovery it seeks from Meyer "does not implicate confidential sources or information." Motion at 2. This assertion is critical under *Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d 583 (1st Cir. 1980), with which I directed the plaintiff to comply should he continue to seek to depose Meyer, as he has done. In response, Meyer and her employer oppose the motion and invoke "a reporter's privilege" without any suggestion that the discovery sought from Meyer by the plaintiff will involve confidential sources or information in any

1

way.  Judith Meyer's and the Sun Journal's Opposition to Plaintiff's Motion for Leave to Depose Judith Meyer, etc. ("Meyer Opposition") (Docket No. 30) at 3-7.  They argue in addition that the information which the plaintiff says he seeks from Meyer is irrelevant and that the deposition accordingly should not take place.  *Id*. at 5-6.  The defendants also oppose this motion, contending that the plaintiff has not shown that his libel claim is not frivolous, as required by *Bruno*.  Defendants' Opposition to Plaintiff's Motion for Leave to Depose Judith Meyer ("Defendants' Opposition") (Docket No. 31) at 1-6.  The defendants do not contend that any confidential sources or information are implicated by the proposed discovery.

The plaintiff asserts that he seeks to question Meyer about (i) a conversation she had with him on April 24, 2007, in order to oppose the defendants' anticipated contention that the plaintiff failed to respond to a message or messages they left for him that morning inviting him to participate in an "on air" interview, by corroborating the plaintiff's testimony about those circumstances; (ii) the fact that the defendants could have contacted Meyer or her employer before broadcasting the allegedly libelous statements, because the newspaper had "reported on that incident" five days earlier; and (iii) "the standard of care expected of a responsible television news operation," as demonstrated by the fact that NBC contacted Meyer by telephone about the incident at issue and then did not broadcast a story on the incident.  Motion at 1-3.  Meyer correctly responds that the standard of care expected of a responsible television news operation is not relevant to a claim of defamation under Maine and federal law, which require, *inter alia*, proof of actual malice.  Meyer Opposition at 5-6.  That argument addresses only one of the three objectives of the deposition identified by the plaintiff, however.  With respect to the second objective Meyer offers nothing.  With respect to the first, she observes, without citation to authority, that she could not offer evidence concerning when the plaintiff learned about the defendants' broadcast and why he did not return their telephone calls.  *Id*. at 7.  That

2

is undoubtedly true, but Meyer could certainly corroborate the plaintiff's testimony about what she told the plaintiff about the defendants' broadcast during their April 24 conversation as well as describing the plaintiff's response to that information. That testimony would clearly be relevant, as would evidence concerning the story published by Meyer's employer five days earlier.

With respect to Meyer's invocation of "the reporter's privilege," *id*. at 6-7, the *Bruno* opinion discusses such a privilege in a section entitled "Disclosure of Confidential Sources." 633 F.2d at 593. "The documents and questions relevant to this appeal relate to the identity of and information imparted by three individuals who assertedly served as 'confidential sources' for the Globe reporter." *Id*. These factual circumstances must inform subsequent interpretation of the First Circuit's holdings in that case. The First Circuit stated that "courts faced with enforcing requests for the discovery of materials used in the preparation of journalistic reports should be aware of the possibility that the unlimited or unthinking allowance of such requests will impinge upon First Amendment rights." *Id.* at 595. Here, much, if not all, of the information which the plaintiff seeks in Meyer's deposition does not appear to have been used in the preparation of any "journalistic reports." The First Circuit speaks of a necessary "heightened sensitivity to any First Amendment implication that might result from the compelled disclosure of sources." *Id*. at 596. It is in connection with "a case in which discovery of sources is sought by a plaintiff" that *Bruno*'s specifications apply. *Id*. at 597. In the absence of any indication that the plaintiff in the case at hand seeks or could seek the disclosure of sources, a question not resolved by the materials presented to the court in connection with the motion to quash the subpoena, *Bruno*'s strictures do not apply. Accordingly, the defendant's extended discussion of actual malice and falsity, two elements of a defamation claim, Defendants' Opposition at 2-6, is inapplicable, as is Meyer's discussion of "the reporter's privilege."

I am not persuaded by the defendants' contention that the plaintiff has "fail[ed] to specify any testimony from Meyer that is remotely relevant to his underlying claim." *Id*. at 6-8. That argument is based on a necessarily-implied contention that the plaintiff's request to depose Meyer "arguably impinges on First Amendment rights," *id*. at 6, a contention that I have rejected on the showing made. The fact that the plaintiff was also a participant in his conversation with Meyer does not render her deposition testimony about it "cumulative, irrelevant, unnecessary, and inappropriate," as the defendants contend. *Id*. As I have already noted, while the plaintiff obviously hopes that Meyer's testimony will corroborate his, that does not render the testimony cumulative in a manner that justifies barring the plaintiff from obtaining it. Given the obvious argument available to the defendants at trial — that the plaintiff's uncorroborated testimony should not be believed — this is the very type of "cumulative" evidence of which it is valuable to a plaintiff to have knowledge in advance of trial. Nor, so far as I am aware, may a plaintiff simply introduce into evidence at trial, as the defendants appear to suggest, *id*. at 7, a newspaper article without some authenticating testimony. If and when the plaintiff seeks during Meyer's deposition the "additional, unpublished information" about which the defendants — but not Meyer and her employer — express concern, *id*. at 7, that matter may be dealt with when it arises, as is the normal discovery practice.

For the forgoing reasons, the plaintiff's motion for leave to take the deposition of Judith Meyer is **GRANTED.**

Dated this 26th day of December, 2007.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge

4